UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>THIS DOCUMENT RELATES TO:<br><br>*The Kroger Co., et al. v. Tyson Foods Inc., et al.* | Civil Action No. 1:18-cv-04534<br><br>**The Honorable Thomas M. Durkin** |

**MAR-JAC POULTRY INC.'S STATEMENT OF**
**DEFENSES TO THE KROGER CO., ET AL.'S COMPLAINT**

As required by the Court's Order approving Mar-Jac Poultry Inc.'s Stipulation with Plaintiffs The Kroger Co.; Hy-Vee, Inc.; and Albertsons Companies, Inc. (collectively, "Plaintiffs") [Minute Entry, Dkt. No. 1094, 1:16-cv-08637, Aug. 2, 2018], Mar-Jac submits the following defenses and affirmative defenses to Plaintiffs' Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 8. By doing so, Mar-Jac does not assume any burden that it otherwise would not bear; reserves the right to assert additional defenses that become known during discovery; reserves the right to dispute, deny, or otherwise answer Plaintiffs' allegations; and does not waive any rights by filing affirmative defenses at this time:

**FIRST DEFENSE**

1. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact and/or any injury cognizable under federal or state antitrust laws.

2. Plaintiffs cannot establish actual injury. Plaintiffs' alleged harm lies in their speculation that many companies conspired and colluded seamlessly over almost a decade resulting in Plaintiffs' harm. In truth, Plaintiffs complain about the impact of naturally unpredictable changes in market conditions that exist in a global economy. Those events include, without limitation:

1

lowered consumer demand due to a severe recession; the bankruptcy of the then-largest U.S. broiler producer; volatility in feed costs, due to global events and an historic drought; increased use of ethanol impacting the availability of corn for feed; and avian influenza outbreaks impacting the supply of Broilers. Plaintiffs' belief that they suffered an impact from these events does not establish actual injury.

**SECOND DEFENSE**

3. Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Mar-Jac and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs or other persons including, without limitation, the prior, intervening, or superseding conduct of Plaintiffs or other persons.

**THIRD DEFENSE**

4. If and to the extent that Plaintiffs have been damaged, which Mar-Jac denies, the amount of damages that Plaintiffs allege to have suffered is too speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

**FOURTH DEFENSE**

5. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate any damages they may have suffered. The facts upon which Plaintiffs rely were made public more than four years ago. Plaintiffs' failure to mitigate was the complete or partial cause of any damages Plaintiffs allegedly suffered.

6. To the extent Plaintiffs believe that Mar-Jac or any Defendants had unfairly increased the price of chicken by agreeing to cut chicken production, Plaintiffs had an obligation to mitigate damages by seeking other sources of supply, including from other producers.

7. Any effect of an alleged difference between Georgia Dock and other price indexes were readily observable and could have been easily mitigated by Plaintiffs' insisting on the use of other indexes or applying a price variance from the Georgia Dock to account for the alleged differential. Any failure to do so defeats a claim for damages.

8. To the extent Plaintiffs allege that the price of chicken was unfairly manipulated through the use of indices, Plaintiffs had an obligation to renegotiate contracts to use different indices or no index at all in pricing.

**FIFTH DEFENSE**

9. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

10. The facts upon which Plaintiffs rely were made public many years ago, and Plaintiffs' conduct in continuing to purchase chicken products at what they now contend were inflated prices evidences an intent to waive any right to bring this suit and was inconsistent with any intention other than to waive their right to bring this suit.

11. Plaintiffs, by their actions, accepted the benefits of an ongoing relationship, and, to the extent they failed to take steps to avoid any purportedly unlawful price with Defendants, they waived and relinquished their right to bring suit.

12. Furthermore, Mar-Jac relied in good faith, and to its detriment, on Plaintiffs' actions in continuing to purchase chicken without complaint. Plaintiffs also demonstrated an unreasonable lack of diligence in bringing their claims, and, by not timely asserting them, Plaintiffs caused Mar-Jac to continue to deal with Plaintiffs in the same manner, to Mar-Jac's prejudice.

13. Plaintiffs also demonstrated an unreasonable lack of diligence in bringing their claims, especially considering the length of time that the facts upon which Plaintiffs rely have been

publicly available, and, as a result, Mar-Jac will suffer prejudice, including economic prejudice, if Plaintiffs' claims are allowed to proceed.

14. In addition, while Plaintiffs sat on their claims and reaped the benefits of lower costs, more efficient production, and superior product in the Broiler industry, Mar-Jac invested significant resources to compete in the highly competitive Broiler industry.

**SIXTH DEFENSE**

15. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitation.

16. The public disclosure of the facts cited by Plaintiffs, particularly publicly announced production cuts, price increases, alleged signals, public statements made by or at trade association meetings, and the use of Agri Stats and public statements regarding Agri Stats, all occurred outside the applicable statute of limitation time period. The existence of these disclosures triggered Plaintiffs' duty to investigate at least as far back as 2008, which Plaintiffs failed to do. Plaintiffs' attempt to justify their delay fails because they merely recycled their underlying allegations and then conclusively asserted fraudulent concealment.

17. The statements that Defendants are alleged to have made about certain factors – e.g., ethanol requirements for fuel producers and conditions in the export markets – having an effect on broiler prices were true and accurate, were made for lawful and constitutionally protected purposes, and cannot serve as a predicate for fraudulent inducement.

18. Plaintiffs' claims are barred, in whole or in part, to the extent they agreed to contractual limitations periods during which they must have brought their claims, but failed to do so.

**SEVENTH DEFENSE**

19. Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, to the extent

that Plaintiffs entered into cost-plus contracts with parties who purchased from Plaintiffs before Plaintiffs began paying any purported overcharge.

**EIGHTH DEFENSE**

20. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs agreed to arbitrate or chose a different forum for the resolution of their claims.

**NINTH DEFENSE**

21. Without admitting any unlawful or unfair conduct, and specifically denying same, Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' ratification of, and consent to, Mar-Jac's conduct.

22. The public disclosure of the facts cited by Plaintiffs, particularly publicly announced production cuts, price increases, alleged signals, public statements made by or at trade association meetings, and the use of Agri Stats and public statements regarding Agri Stats, all occurred many years ago, and despite knowing of, or having access to, this information, Plaintiffs continued to purchase chicken products without objection.

23. Plaintiffs benefited from various chicken producers' participation in trade associations, lobbying efforts, plant tours, reporting data to the Georgia Department of Agriculture and Agri Stats, access to information received from Agri Stats, and public statements regarding their operations and the industry. These benefits included, without limitation: enhanced efficiency and lower prices; healthier chickens and chicken products; and more efficient, safer, and humane production facilities. Plaintiffs enjoyed these benefits for many years without objection, and thus their claims are barred by the doctrine of ratification.

24. Plaintiffs, by their actions, accepted the benefits of an ongoing relationship, and, to the extent they failed to take any steps to avoid any purportedly unlawful price with Defendants, Plaintiffs' claims are barred by the doctrine of ratification.

**TENTH DEFENSE**

25. Without admitting any unlawful or unfair conduct, and specifically denying same, Plaintiffs' claims are barred, in whole or in part, by Mar-Jac's right to set off any amounts paid to Plaintiffs by any Defendants or third parties other than Mar-Jac for the same injuries alleged in this lawsuit.

**ELEVENTH DEFENSE**

26. Some or all of Plaintiffs' claims are barred, in whole or in part, by the pass-on defense because, to the extent that any alleged overcharge (the existence of which Mar-Jac denies) was absorbed, in whole or in part, by others downstream in the chain of production, processing, distribution, and sale of chicken products, Plaintiffs suffered no injury.

**TWELFTH DEFENSE**

27. Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards and awards duplicative of those sought in other actions (including, for instance, actions involving other purchasers in the chain of production, processing, distribution, and sale of chicken products), in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the U.S. Constitution.

**THIRTEENTH DEFENSE**

28. Plaintiffs' claims are preempted and barred, in whole or in part, because Mar-Jac's alleged conduct has implied or express immunity from the antitrust and other laws at issue in this lawsuit.

29. For instance, and without limitation, according to the Filed Rate Doctrine, rates that are filed with or regulated by state or federal agencies (such as the Georgia Department of Agriculture ("GDA") for use in the Georgia Dock) are per se reasonable and unassailable in judicial proceedings by ratepayers, such as Plaintiffs. As a result, any claims based on the Georgia Dock index are barred.

30. Claims under antitrust laws also are precluded to the extent they are based on the actions of state or private parties undertaken according to an affirmatively express or implied state policy and subject to adequate supervision under the State Action Doctrine. For instance, and without limitation, the GDA undertook and administered the Georgia Dock program, and in doing so GDA was well within its statutory authority. To the extent the Complaint asserts or implies that Mar-Jac violated the antitrust laws by providing prices to the GDA pursuant to the Georgia Dock Program, by an officer's or employee's acceptance of GDA's appointment to the Georgia Dock Advisory Board, or by that individual's participation in activities of that Advisory Board under the GDA's supervision, such claims are barred by the State Action Doctrine.

31. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to impose liability on Mar-Jac based on Mar-Jac's exercise of its right to petition federal, state, or local legislative bodies, including through public statements (with respect to, for instance, and without limitation, changes needed in alternative-fuel mandates required by federal law), because such conduct is protected under the *Noerr-Pennington* doctrine and the First Amendment of the U.S. Constitution. Plaintiffs assert or imply that certain conduct of Defendants protected by such doctrine and the First Amendment was in some sense conspiratorial. Such alleged activities that are so protected include, without limitation, participation in trade associations seeking legislative and administrative remedies, without limitation, participation in trade associations seeking

legislative and administrative remedies and lobbying activities related to the establishment of rules and procedures for Georgia Dock reporting and the effect of ethanol requirements on grain prices.

## FOURTEENTH DEFENSE

32. Mar-Jac reserves the right to assert other defenses as this action proceeds up to and including the time of trial. Defenses that must be affirmatively stated in a pleading according to Federal Rule of Civil Procedure 8 are the affirmative defenses referenced in Rule 8(c). To the extent Plaintiffs take a different position, Mar-Jac states that the Complaint fails to state a claim upon which relief can be granted and fails to allege various elements of Plaintiffs' claims. Plaintiffs have not yet responded to discovery seeking the bases for their claims, and Mar-Jac reserves all rights to identify defenses through discovery. To the extent that any of the defenses stated herein are found to be defenses but not affirmative defenses, Mar-Jac identifies them as such. Mar-Jac adopts and incorporates by reference all other defenses asserted by any other Defendant to the extent those defenses would apply to Mar-Jac.

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure 38, Mar-Jac demands a trial by jury of all claims and defenses upon which it is entitled to a jury trial.

## PRAYER FOR RELIEF

Mar-Jac requests that Plaintiffs' Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in

favor of Mar-Jac, and that the Court award Mar-Jac its attorneys' fees, costs, and expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

Date: August 31, 2018        */s/ Edward C. Konieczny*

Edward C. Konieczny
EDWARD C. KONIECZNY LLC
400 Colony Square, Suite 1501
1201 Peachtree Street, N.E.
Atlanta, Georgia 30361
T: (404) 380-1430
F: (404) 382-6011
ed@koniecznylaw.com

David C. Newman
Wm. Parker Sanders
SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree Street, N.E.
Promenade, Suite 3100
Atlanta, Georgia 30309
T: (404) 815-3500
F: (404) 685-6816
dnewman@sgrlaw.com
psanders@sgrlaw.com

Jonathan S. Quinn
Andrew G. May
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, Illinois 60602-3801
T: (312) 269-8000
F: (312) 269-1747
jquinn@nge.com
amay@nge.com

*Attorneys for Mar-Jac Poultry, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2018, the foregoing was filed electronically.

Notification of this filing will be sent to all parties via the Court's CM/ECF system.

Date: August 31, 2018                    */s/ Edward C. Konieczny*
                                         Edward C. Konieczny